**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BRITTANY WILLIAMS, ANGELINA WILLIAMS,
KRISTINA WILLIAMS, AMIR JOHNSON,
JAHZARA WILLIAMS, ASHANTI WILLIAMS,
DAMON WILLIAMS, ANTOINE WILLIAMS,
ANGELIA WHITFIELD, and ROBERT HILL,

      Plaintiffs,

vs.                                                                    CASE NO.

LOWES,

      Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL OF ACTION

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Lowe's Home Centers, LLC ("Lowe's")[1] files this notice to remove the above-styled action filed by Plaintiff Brittany Williams ("Williams") from the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, to the United States District Court for the Middle District of Florida on the following grounds:

1.    <u>Nature of the Action</u>:  Williams, a former employee of Lowe's, filed a pro se complaint against Lowe's alleging violations of Title VII of the Civil Rights Act of 1964 (the "Complaint").  (Exhibit A, Complaint).  In addition, the Complaint vaguely claims that Lowe's acted improperly with respect to a settlement agreement that Williams entered into with Lowe's. (*Id.*)  Williams has listed her five children, her mother, and her three brothers as co-plaintiffs to this lawsuit (the "Co-Plaintiffs"), but the Complaint only alleges purported conduct directed to Williams.

---

[1] Plaintiff incorrectly refers to Lowe's Home Centers, LLC as "Lowes" in the caption.

2.      Plaintiffs:  Williams—a resident of the State of Florida—instituted this action by filing the Complaint with the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida.  (Ex. A).  The Complaint, entitled *Brittany Williams, Angelina Williams, Kristina Williams, Amir Johnson, Jahzara Williams, Ashanti Williams, Damon Williams, Antoine Williams, Angelia Whitfield,, and Robert Hill v. Lowes*, Case No. 20-005867-CI, was filed with the state court on December 14, 2020.  On information and belief, the Co-Plaintiffs are residents of the State of Florida.

3.      Defendant:  Lowe's Home Centers, LLC is a North Carolina limited liability company.  The sole member of Lowe's Home Centers, LLC is Lowe's Companies, Inc.  Lowe's Companies, Inc. is, and has been at all relevant times, a North Carolina corporation with its principal place of business in North Carolina.[2]

4.      Timing of Notice of Removal: On or around December, 14, 2020, Williams mailed a copy of the Complaint and the summons to the Lowe's retail store where she previously worked.  Florida law, however, does not permit plaintiffs to serve process on their own, by mail, to an agent of the defendant that is not registered to accept service of process.[3]  Because Plaintiff failed to properly effect service under Florida law, Lowe's time to remove this action has not yet begun and this Notice of Removal is timely.  28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347 (1999) (commencement of the 30-day removal period can only be triggered by formal service of process).  Regardless of whether Williams properly effected

---

[2] As explained by the U.S. Supreme Court in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014), Lowe's removal notice need only include a "short and plain statement of the grounds for removal" based on diversity jurisdiction, and the removal notice need not contain evidentiary submissions proving that the requirements for diversity jurisdiction are satisfied, including any evidence of the parties' citizenship or the amount in controversy.  Thus, Lowe's plausible averments regarding the parties' citizenship is sufficient to establish diversity jurisdiction.

[3] Because of defects with service, Lowe's has filed a motion to dismiss in state court for insufficiency of service of process.

PD.30669644.1

formal service of process on Lowe's in accordance with Florida law, this Notice of Removal is still timely because, at a minimum, it occurred within 30 days of Williams filing the Complaint and within 30 days of Williams mailing the complaint to the store where she formerly worked.

5.    <u>Federal Question Jurisdiction</u>: This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, because Williams asserts claims arising under Title VII. As such, the Court has original jurisdiction over the action under 28 U.S.C. § 1331, and the action is removable pursuant to 28 U.S.C. §§ 1441 and 1446.  Moreover, to the extent Williams asserts additional claims related to the settlement agreement she references in her Complaint, the Court has supplemental jurisdiction over any potential breach of contract claims pursuant to 28 U.S.C. § 1367(a), because Williams's Title VII claims and any breach of contract claims with respect to her settlement agreement arise from the same set of operative facts.  (Ex. A).  Thus, removal is proper.

6.    <u>Diversity Jurisdiction</u>:  Additionally, this Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 (diversity), because Williams and Co-Plaintiffs are citizens of the State of Florida, Lowe's sole member is a North Carolina corporation having its principal place of business in North Carolina, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001).  Although Lowe's denies that Plaintiff is entitled to any relief, Williams demands $300,000 in her Complaint, which is well above the $75,000 threshold. *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 84 (2014) ("If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'")

PD.30669644.1

7.    <u>Venue</u>: As described in the Complaint, the alleged events at issue occurred as a result of Williams's employment with Lowe's in Pinellas County, Florida.    (Ex. A). Accordingly, venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391 and M.D. Fla. Local Rules 4.02.

Pursuant to 28 U.S.C. § 1446(a) and M.D. Fla. Local Rules 4.02, copies of all process, pleadings, orders, and other papers filed in the state court are attached to this Notice as Composite Exhibit B.[4]

Date: January 13, 2021

Respectfully submitted,

/s/ Reed L. Russell
Reed L. Russell
 Florida Bar No.: 0184860
Matthew S. Perez
 Florida Bar. No.: 0125572
PHELPS DUNBAR LLP
100 South Ashley Drive, Suite 2000
Tampa, Florida 33602-5311
813-472-7550
813-472-7570 (FAX)
reed.russell@phelps.com
matthew.perez@phelps.com

Attorneys for Defendant Lowe's Home Centers, LLC

---

[4] The state court docket shows an amended complaint filed on January 6, 2021, but counsel of record has not been served with the amended complaint and it is not available for electronic retrieval to include in Composite Exhibit B.  *See* 28 U.S.C. 1446(a) (requiring the removing party to attach to the removal notice a copy of "all process, pleadings, and orders *served* upon such defendant") (emphasis added).  If and when the amended complaint is formally served on Lowe's, Lowe's will supplement Composite Exhibit B to include the amended complaint.

PD.30669644.1

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 13, 2021, a true and correct copy of the foregoing was served regular U.S. Mail to the following:

Brittany Williams
14330 58th St. N. #4102
Clearwater, Florida 33760

Pro Se Plaintiff

/s/ Reed L. Russell
Attorney

5

PD.30669644.1